1 | DEBRA W. YANG
  | United States Attorney
2 | JACQUELINE CHOOLJIAN
  | Assistant United States Attorney
3 | Chief, Criminal Division
  | PETER A. HERNANDEZ (CSB #178104)
4 | CHRISTOPHER BRUNWIN (CSB #158939)
  | Assistant United States Attorneys
5 | Narcotics Section
  |     1400 United States Courthouse
6 |     312 North Spring Street
  |     Los Angeles, California 90012
7 |     Telephone: (213) 894-6681
  |     Facsimile: (213) 894-0142
8 |
  | Attorneys for Plaintiff
9 | UNITED STATES OF AMERICA

FILED
CLERK, U.S. DISTRICT COURT

APR 1 1 2003

CENTRAL DISTRICT OF CALIFORNIA
BY ____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,     )   No. 03-763 M
                              )
              Plaintiff,      )   GOVERNMENT'S EX PARTE
                              )   APPLICATION FOR ORDER SEALING
         v.                   )   CRIMINAL COMPLAINT; DECLARATION
                              )   OF PETER A. HERNANDEZ
GALEB MIZYED, et al.,         )
                              )
              Defendants.     )
_____)

The government hereby applies _ex parte_ for an order that the criminal complaint and any related pleadings in the above-titled case (but not the arrest warrant for the charged defendants) be kept under seal until such time as the government informs the Clerk's Office in writing that the charged defendants have been taken into custody on the criminal complaint or the government moves to unseal the criminal complaint, whichever occurs first.

///
///
///
///

ENTER ON ICMS

APR 1 5 2003

1    This ex parte application is based on the attached

2  memorandum of points and authorities and on the attached

3  declaration of Peter A. Hernandez.

4

5  DATED: April 11, 2003                Respectfully submitted,

6                                       DEBRA W. YANG
                                        United States Attorney
7
                                        JACQUELINE CHOOLJIAN
8                                       Assistant United States Attorney
                                        Chief, Criminal Division
9

10

11                                      PETER A. HERNANDEZ
                                        Assistant United States Attorney
12                                      Narcotics Section

13                                      Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

The government requests that this court seal the complaint and supporting affidavit in this case in order to maintain the integrity of this investigation.  Approval from this court to seal these documents is required under Local Rule 79-5.1.  The Court of Appeals for the Ninth Circuit has held that district courts have the inherent power to seal affidavits in support of warrants.  In re Sealed Affidavit (Agosto), 600 F.2d 1256 (9th Cir. 1979) (per curiam); see also Offices of Lakeside Non-Ferrous Metals, Inc., 679 F.2d 778 (9th Cir. 1982) (citing Agosto).

The Court of Appeals for the Seventh Circuit has rejected the proposition that pre-indictment disclosure of a search warrant affidavit is required under either constitutional principles or Federal Rule of Criminal Procedure 41(g).  In re EyeCare Physicians of America, 100 F.3d 514 (7th Cir. 1996).  In doing so, the Seventh Circuit held:

> By the very nature of a secret criminal investigation of this type, the target of an investigation more often than not remains unaware of the specific grounds upon which a warrant was issued.  If preindictment disclosure of sealed warrant affidavits was required to satisfy due process (assuming there has been a predicate deprivation of life, liberty or property), the hands of law enforcement would be needlessly tied and investigations of criminal activity would be made unduly difficult if not impossible.

Id. at 517.  Accord In re Grand Jury Proceedings, 115 F.3d 1240, 1247 (5th Cir. 1997).

1

Here, for the reasons described in the attached declaration, sealing is necessary to maintain the integrity of the government's investigation. The government accordingly requests that the documents described in the attached declaration be maintained under seal until the government notifies the Court that it is appropriate to unseal them.

## DECLARATION OF PETER A. HERNANDEZ

I, Peter A. Hernandez, declare as follows:

1.    I am an Assistant United States Attorney in the United States Attorney's Office for the Central District of California. I represent the government in the prosecution of <u>United States v. Galeb Mizyed, et. al.</u>, No. 03-_____, in which a criminal complaint and supporting affidavit was presented to a United States Magistrate Judge on April 11, 2003.

2.    The defendants charged in this case have not been taken into custody on the charges contained in the criminal complaint and have not been informed that they are named as defendants in the criminal complaint that was presented to the United States Magistrate Judge on April 11, 2003.  The likelihood of apprehending the charged defendant might be jeopardized if the criminal complaint and supporting affidavit in this case were made publicly available before the charged defendants are taken into custody on the criminal complaint.

///
///
///
///
///
///
///
///
///
///
///

3.    Accordingly, the government requests that the criminal complaint and pleadings in this case (but not the arrest warrant) be sealed until the charged defendants are taken into custody on the charges contained in the criminal complaint and the government either notifies the clerk's office in writing of the fact that the charged defendants have been apprehended or the government moves to unseal the criminal complaint, whichever occurs first.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

DATED: April 11, 2003

PETER A. HERNANDEZ
Assistant United States Attorney
Narcotics Section