DEBRA W. YANG
United States Attorney
STEVEN D. CLYMER
Special Assistant United States Attorney
Chief, Criminal Division
PETER A. HERNANDEZ (Cal. State Bar No. 178104)
CHRISTOPHER BRUNWIN (Cal. State Bar No. 158939)
Assistant United States Attorneys
Narcotics Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6681
     Facsimile: (213) 894-0142

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GALEB MIZYED, ET AL.,<br><br>Defendants. | No. CR 03-398-RMT<br><br>UNITED STATES' OBJECTION TO DEFENDANT'S PROPOSED LIST OF WITNESSES FOR EVIDENTIARY HEARING<br><br>Date: November 17, 2003<br>Time: 1:30 p.m.<br>Place: Courtroom of the<br>    Hon. Robert M. Takasugi |

Defendant filed his list of witnesses for an evidentiary hearing on his motion to Suppress, set for hearing on November 17, 2003. Despite his request, however, defendant has not met his burden to support an evidentiary hearing on the instant motion. Further, defendant has not demonstrated that any of the thirteen witnesses he seeks to compel would provide testimony material to the determination of the instant motion. The United States therefore objects to defendant's purported list of witnesses.



The law holds that an evidentiary hearing on a motion to suppress will be required only if "the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question." United States v. Licavoli, 604 F.2d 613, 621 (9th Cir. 1979) (finding defendant was not entitled to an evidentiary hearing on motion to suppress wiretap communications); citing, United States v. Ledesma, 499 F.2d 36, 39 (9th Cir. 1974); and United States v. Losing, 539 F.2d 1174, 1177 (8th Cir. 1976). An evidentiary hearing is "not required if the grounds for suppression consist solely of conclusory allegations of illegality." Id.

The Ninth Circuit found that defendant was not entitled to an evidentiary hearing in United States v. Licavoli, supra, because his "motion to suppress allege[d] failure to minimize only in general and conclusory terms." 604 F.2d at 621. In Licavoli, as in this case, defendant made "no specific allegations raising contested issues of fact." Id. As set forth in the United States' opposition brief, defendant has not set forth specific allegations to raise a "contested issue of fact." Despite repeated direction from the Court, defendant still has not set forth a specific call or calls which he maintains should have been protected by the attorney-client privilege. His moving papers set forth, again, generalized discussion about the existence and history of the attorney-client privilege. However, there is no application of the doctrine as it would be applied to any of the calls at issue in this case. The government has responded to defendant's argument with authority which holds that

2

calls in which an attorney discusses his representation of third parties are not subject to the privilege. Further, calls less than two minutes long are not subject to minimization. Nonetheless, defendant has not identified a specific call which he maintains should be suppressed.[1]

Further, defendant has not demonstrated which, if any, of the thirteen witnesses he seeks to compel would offer testimony material to a "contested issue of fact," much less what that "contested issue of fact" is purported to be. The issue on defendant's pending motion is his contention that intercepted communications should be subject to the attorney-client privilege. As set forth in the United States' opposition brief, the determination of that issue is a legal question which depends upon the substance of the intercepted communication and whether the duration of the intercepted call makes it subject to minimization. See, e.g., United States v. Johnston, 146 F.3d 785, 794 (10th Cir. 1998)(holding that intercepted wiretap communication between attorney and client were not privileged and not subject to suppression where conversations did not relate to legal advice or strategy sought by defendant, but related instead to the representation of defendant's relatives); and United States v. McGuinness, 764 F. Supp. 888, 900 (S.D.N.Y. 1991); citing United States v. Capra, 501 F.2d 267, 275-76 (2nd Cir. 1974); see also, United States v. Manfredi, 488 F.2d 588 (9th

---

[1] Defendant also filed, over the government's objection, ten pages of his argument in camera. The government has not seen this portion of defendant's submission and therefore cannot respond to what was submitted as a basis for the motion.

3

Cir. 1973). The testimony of any number of federal agents, monitors, or even government attorneys, will not alter the determination of whether or not a given call is or is not a privileged communication under the law. See, e.g., Defendant's List of Government Witnesses, at 2-3. There is not a contested issue as to whether calls were in fact intercepted. The issue is the legal determination of whether a specific call of sufficient length is subject to the privilege. While defendant has not afforded the Court a basis to make that determination (because defendant has not identified a specific call in his moving papers), nonetheless, the testimony of government witnesses is not material to any "contested issue of fact." Defendant has not demonstrated the materiality, nor the "contested issue."

On these bases, therefore, the United States objects to defendant's purported list of witnesses.

Dated: November 11, 2003

Respectfully submitted,

DEBRA W. YANG
United States Attorney
STEVEN D. CLYMER
Special Assistant U. S. Attorney
Chief, Criminal Division

CHRISTOPHER BRUNWIN
Assistant United States Attorney
Narcotics Section

Attorneys for Plaintiff
United States of America

# CERTIFICATE OF SERVICE

I, **Loretta Chavis,** declare:

That I am a citizen of the United States and resident or employed in Los Angeles County, California; that my business address is the Office of United States Attorney, United States Courthouse, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of eighteen years, and am not a party to the above-entitled action;

That I am employed by the United States Attorney for the Central District of California who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy of:

**UNITED STATES' OBJECTION TO DEFENDANT'S PROPOSED LIST OF WITNESSES FOR EVIDENTIARY HEARING**

**service was:**

[ ] Placed in a closed envelope, for collection and interoffice delivery addressed as follows:

[X] Placed in a sealed envelope for collection and mailing via United States Mail, addressed as follows:

[ ] By hand delivery addressed as follows:

[ ] By facsimile as follows:

[ ] By messenger as follows:

[ ] By federal express as follows:

**SEE ATTACHMENT**

This Certificate is executed on **November 12, 2003**, at Los Angeles, California.

I certify under penalty of perjury that the foregoing is true and correct.

*/s/ Loretta Chavis*
**LORETTA CHAVIS**

## SERVICE LIST

1. **Defendant Galeb Mizyed**

David Katz, Esq.
433 North Camden Drive
Suite 600
Beverly Hills, CA 90210
(310) 288-1995 (Office)
(310) 288-1993 (Fax)

2. **Defendant Mirlo Paez-Calderon**

Ivan L. Klein, Esq.
601 W. fifth Street, 12th Fl.
Los Angeles, CA 90071
(213) 488-9818 (Office)
(213) 488-3571 (Fax)

3. **Defendant Max Stevenson**

Donald J. Matson, Esq.
8383 Wilshire Blvd., Ste. 809
Beverly Hills, CA 90211
(323) 782-0101 (Office)
(323) 782-0407 (Fax)

4. **Defendant Mieko Choniece Jackson**

Ken K. Behazadi, Esq.
10850 Wilshire Boulevard
4th Floor
Los Angeles, CA 90024
(310) 441-9341 (Office)
(310) 441-5563 (Fax)

5. **Defendant Ghalia Mizyed**

Michael J. Brennan
729 Marine Avenue
Manhattan Beach, CA 90266
(213) 740-2527 (Office)
(213) 740-5502 (Fax)

6. **Defendant Kendall James Robbins**

Janet Sherman
2115 Main Street
Santa Monica, CA 90405
(310) 399-3259 (Office)
(310) 392-9029 (Fax)

7. **Defendant Saleh Mizyed**

Ronald Richards, Esq.
P.O. Box 11480
Beverly Hills, CA 90213

8. **Defendant Abdul Quader Mizyed**

Stanley L. Friedman, Esq.
4455 S. Figueroa Street, 27th Floor
Los Angeles, CA 90071
(213) 629-1500 (Office)
(213) 489-6899 (Fax)