UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. CR 03-398 RMT |
| Plaintiff, ) | |
| ) | ORDER DENYING DEFENDANT'S MOTIONS FOR SATISFACTION OF JUDGMENT AND FOR NEW TRIAL |
| vs. ) | |
| ATIYEH ATIYENSALEM, ) | |
| Defendant. ) | |

This matter has come before the court on motions by Defendant Atiyeh Atiyensalem[1] ("Defendant" or alternatively "Atiyensalem") for satisfaction of judgement and for a new trial pursuant to Federal Rule of Criminal Procedure 33 ("Rule 33"). The court, having considered the pleadings, the record in this case, and other papers filed in this matter, finds as follows.

***Factual and Procedural Background***

On August 3, 2004, the government filed a First Superseding Indictment, charging defendant with one count of conspiracy to launder money in violation of 18

---

[1] Although the First Superseding Indictment refers to defendant as "Atiyeh Atiyensalem," defendant as well as various witnesses refer to him as "Atiyeh Salem" or "Dr. Salem."

1

1  U.S.C. § 1956 (h).  Doc. No.400.[2]

2       On July 18, 2004, trial against defendant and two other co-defendants
3  commenced before the Honorable Robert M. Takasugi.  On July 21, 2006, the fourth
4  day of trial, without an objection by defendant, the government called Mike Chaffee to
5  the stand.  RT 7/21/06 at 100.[3]  The government proceeded to question Chaffee, an
6  officer with a local police department, about a conversation he had overheard between
7  defendant and co-defendant Hasan Rasoul.[4]  Upon the government's attempt to have

---

[2] Doc. No. refers to the court's docket entry number in this case.

[3] "RT" refers to the Reporter's Transcript of proceedings, followed by applicable dates and page references.

[4] On direct, Chaffee testified, in pertinent part, that:

| | |
|---|---|
| [Chaffee]: | Yes.  The conversation was Dr. Salem asked Hasan – he said, "You didn't say anything." |
| | And Salem said, "I told them that I met you twice." |
| [Government counsel]: | Did Dr. Salem respond to that? |
| [Chaffee]: | Yes, he did.  He said, "Did you tell them about our trip?"  And Salem said, "They know everything about our meeting in California." |
| [Government counsel]: | And did Dr. Salem – who said, "They know everything about our meeting in California"? |
| [Chaffee]: | Hasan Rasoul said that. |
| [Government counsel]: | He said that to Dr. Atiyensalem in your presence? |
| [Chaffee]: | Yes, sir. |
| [Government counsel]: | And what did Dr. Atiyensalem say in response, if you recall? |
| [Chaffee]: | My mind just went blank. |

RT 07/21/06 at 101-104.

Chaffee refresh his recollection with a report Chaffee had testified he had written immediately after overhearing the conversation, defense counsel asked to see a copy of the document:

| | |
|---|---|
| [Defense counsel]: | Could defense have a copy of this exhibit? |
| [Government counsel]: | I believe defense has been provided a copy, your Honor. |
| [Defense counsel]: | Is there a Bates number on it? |
| The Court: | Well, let's have a conference, at least between two counsel, as to whether you, in fact, did receive a copy. |
| [Defense counsel]: | Your Honor, I've seen the document. I do not recall ever receiving a copy of that document. He showed me a cover letter, but there is nothing – |
| The Court: | Did you examine it now? |
| [Defense counsel]: | Yes, I examined it now. It seems to be some notes this officer apparently typed up of some sort. |
| The Court: | All right. When it comes time for cross-examination, if you need additional time, I'll give it to you. Proceed. |
| [Defense counsel]: | Thank you, Your Honor. |

RT 07/21/06 at 105.

    After refreshing his recollection with his report memorializing the overheard conversation, Chaffee went on to testify that Atiyensalem had asked Rasoul if Rasoul had said anything about their trip to California, to which Rasoul replied that they knew everything about their meeting in California. *Id.* at 106. Chaffee testified that Atiyensalem had then told Rasoul "Don't worry. They have nothing. You'll be taken care of. Just don't say anything." *Id.* at 107. In turn, Chaffee testified that Rasoul replied: "I didn't say anything – they already know everything. I didn't say anything, I just told them that I met you twice." *Id.*

    At the end of Chaffee's cross-examination, although defense counsel asked that

the witness be available for recall and the government offered to have the witness return from Chicago to testify, *id*. at 111-112, defense counsel did not recall Chaffee to the stand.

On August 3, 2006, outside of the presence of the jury, the government brought to the court's attention that it had received information that defense trial counsel was declared not to be eligible to practice law. RT 08/03/06 at 4. Defense trial counsel, in turn, represented to the court that it was his understanding there was a fee dispute matter in which he had an upcoming hearing before the State Bar. *Id*. at 4-6. After listening to both counsel, Judge Takasugi stated:

> The Court: All right. Fine. This is a matter that it would be wise for us to proceed with this trial, and depending on what happens at that point, then the client – the client certainly is in a position to take some action. This is the best I can say at the present time.

RT 08/03/06 at 8-7.

That same day, on August 3, 2006, a jury found defendant guilty of conspiracy to launder money in violation of 18 U.S.C. § 1956 (h).

On April 20, 2007, defendant filed his Motion to Set Aside the Judgment and/or New Trial ("Def's First Rule 33 Mot."), Doc. No. 1241.[5] In his first motion for a new trial, defendant argued the government had violated Federal Rule of Criminal Procedure 16 by "failing to timely furnish a statement allegedly made by the defendant while in custody." Def's First Rule 33 Mot. at 1. Defendant argued that the report by Michael Chaffee was not "provided to counsel for defendant until the morning of [Chaffee's]

---

[5] On August 9, 2006, defendant filed an ex parte application for extension of time to file his Rule 33 motion, Doc. No. 1040, which was granted by the court on August 21, 2006, Doc. No. 1037. Defendant's subsequent applications for more time were also granted.

4

testimony." *Id*. at 3, 18-19.[6] Defendant argued that because the government had not disclosed Chaffee as a witness until the fourth day of trial, *id*. at 16, the "withholding" of such evidence amounted to outrageous government conduct. *Id*. at 3.[7]

Additionally, defendant argued that the jury had insufficient evidence to find defendant guilty of the conspiracy because the testimony of two government witnesses, Saleh Mizyed and Miguel Sarabia "was . . . contradictory to each other, contradictory to their prior statements, almost completely uncorroborated and in fact mostly disproved by defendant's counsel," *id*. at 3, and "the Government had to know that one or the other of their witnesses was lying." *Id*. at 16. In particular, defendant pointed to evidence presented by the defendant at trial showing that defendant deposited a check in a Chicago bank at the time the government argued defendant and Saleh Mizyed were returning from a trip to fund the purchasing of pseudoephedrine from a source residing in Ottawa, Canada. *Id*. at 7.

On June 18, 2007, "[a]fter examination of all pleadings and due consideration of oral arguments," the Honorable Robert M. Takasugi denied defendant's Motion to Set Aside the Judgment and/or New Trial. Criminal Minutes, Doc. No. 1273.

---

[6] Although Def's First Rule 33 Mot. refers to exhibits presumably in support of his arguments, no exhibits were attached to said motion. Defense counsel's declaration attached to said motion relates only to defendant's jury misconduct claim.

[7] Defendant states, in relevant part:
> Amazingly, Officer Chaffee shows up completely unknown to defense. There is no statement by him in the discovery, not [sic] mention of him being present at the time of arrest, no report of his conversation with the Drug Enforcement Administration at the time this alleged conversation took place. Basically it is a rabbit pulled out of the prosecutorial hat at a time when the credibility of their two star witnesses have been shown to be at issue.

Def's First Rule 33 Mot. at 21.

On August 15, 2007, defendant filed an amendment to his sentencing memorandum. Amendment to Defendant's Sentencing Position ("Def's Sentencing Mem."), Doc. No. 1305. Defendant attached a number of letters on behalf of defendant, including a letter by defendant himself. Aug. 7, 2007 Letter from Atiyeh Salem to Hon. Robert M. Takasugi ("Def's Letter"), attached to Def's Sentencing Mem., Doc. 1305-3, 1-10. In his letter, defendant referred to, among other events, a conversation between himself and a government agent defendant calls "DEA Agent James." *Id*. at 6. According to defendant, defendant explained to DEA Agent James his innocent association with Saleh Mizyed. *Id*. According to defendant, DEA Agent James taped their conversation. *Id*.

On August 16, 2007, Judge Takasugi sentenced defendant to 33 months of imprisonment, three years of supervised released, and a $100 special assessment fee. Minutes of Sentencing, Doc. No. 1306. Judgment was entered on August 21, 2007. Judgment and Commitment Order, Doc. No. 1307.

On August 27, 2007, defendant filed a notice of appeal. Def.'s Notice of Appeal, Doc. No. 1308.

On December 2, 2008, Defendant filed, *pro per*, the underlying motion for new trial based on "new evidence discovered since trial." Mot. for Newly Discovered Evidence Under Rule 33 ("Def's Second Rule 33 Mot."), Doc. No. 1441, at 1. Defendant alleges such new evidence entails: (1) eye witnesses whom defense counsel, due to his ineffectiveness, failed to call and a tape showing defendant performing surgery that together would establish defendant's alibi; (2) evidence that while representing defendant, defense trial counsel was himself facing disciplinary charges by the California State Bar and had been placed in inactive status, contrary to counsel's representations to the court at the time of trial; (3) improper statements by the prosecution at trial; (4) an affidavit by defendant ("defendant's affidavit") in which he proffers his testimony concerning conversations he had with various counsel who represented defendant – before and during trial – as well as counsel representing co-

defendant Rasoul, that show the government failed to disclose Chaffee and Chaffee's report, and which, therefore, show the government knowingly used the false testimony of Chaffee to incriminate defendant; (5) exculpatory evidence withheld by the government, consisting of a secret recording made by DEA Agent James, in which defendant explained his disassociation with the main co-defendant; (6) false testimony by government witness Sarabia, who defendant argues lied about meeting defendant at a family gathering; and (7) a check deposited by defendant on May 3, 2002 (the "May 3, 2002 check"), which defendant argues contradicts the testimony of Saleh Mizyed, who testified that defendant was with Saleh Mizyed that morning, returning from their trip to Canada to purchase pseudoephedrine as part of the conspiracy.

### *Discussion*

Although defendant has filed an appeal and such appeal is pending, the district court has jurisdiction to entertain the present motion and either deny it on its merits, or indicate its intention to grant the motion. *United States v. Cronic*, 466 U.S. 648, 667 n.42 (1984); *United States v. Hays*, 454 F.2d 274, 275 (1972).

> A Rule 33 motion brought more than seven days after the verdict or finding of guilty must be based on newly discovered evidence. "[A] Rule 33 motion based upon 'newly discovered evidence' is limited to where the newly discovered evidence relates to the elements of the crime charged."

*United States v. Mett*, 65 F.3d 1531, 1533 (9th Cir. 1995), *citing United States v. Hanoum,* 33 F.3d 1128, 1130 (9th Cir.1994), *cert. denied*, 514 U.S. 1068 (1995).

> To prevail on a Rule 33 motion for a new trial based on newly discovered evidence, a defendant must satisfy a five-part test: "(1) the evidence must be newly discovered; (2) the failure to discover the evidence sooner must not be the result of a lack of diligence on the defendant's part; (3) the evidence must be material to the issues at trial; (4) the evidence must be neither cumulative nor merely impeaching; and (5) the evidence must indicate that a new trial would probably result in acquittal."

*United States v. Harrington*, 410 F.3d 598, 601 (9th Cir. 2005) *quoting United States v. Kulczyk,* 931 F.2d 542, 548 (9th Cir.1991).

Even while construing defendant's motion liberally, *Woods v. Carey*, 525 F.3d 886, 889-890 (9th Cir. 2008) *citing Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam); *see also Corjasso v. Ayers*, 278 F.3d 874, 878 (9th Cir.2002); *United States v. Seesing*, 234 F.3d 456, 462 (9th Cir.2001), aside from the evidence concerning trial counsel's eligibility to practice law, defendant fails to show that any of the alleged new evidence is indeed "newly discovered evidence" as defined under Rule 33.

Although defendant alleges that his prior counsel was ineffective in failing to call additional witnesses to establish his alibi, defendant does not allege that those witnesses were either unknown to the defense or unavailable. *Cleary v. United States*, 163 F.2d 748 (9th Cir. 1947), *cert. denied* 333 U.S. 864; *See* WRIGHT, KING & KLEIN, FEDERAL PRACTICE AND PROCEDURE: Criminal 3d § 557, n.11.  Similarly, defendant does not allege, let alone prove that the tape showing defendant performing surgery was not available before or during trial. *United States v. Diggs*, 649 F.2d 731, 740 (1981) (finding denial of motion for new trial not abuse of discretion in absence of any showing of diligence by defense counsel in obtaining affidavit of co-defendant offering testimony exculpating defendant) *overruled on other grounds by United States v. McConney,* 728 F.2d 1195 (9th Cir.1984).  Because he was present at trial, defendant was aware of the statements made by the prosecution which defendant deems improper. As defendant's First Rule 33 Motion shows, defendant has previously argued, unsuccessfully, that witnesses Sarabia and Saleh Mizyed lied during the trial, First Rule 33 Mot. at 3, and that the May 3, 2002 check, deposited on the date Saleh Mizyed testified defendant was returning from Canada, disproved part of the governments case at trial. *Id*. at 7.

While defendant correctly points out that a different standard is required when the evidence in question gives rise to a *Brady* violation, not only does defendant fail to show the evidence is "newly discovered," but defendant also fails to raise a colorable

8

*Brady* claim. As defendant himself asserts in his letter to Judge Takasugi for sentencing purposes, defendant was aware that the alleged conversation between himself and DEA Agent James took place and that the conversation was allegedly being taped. Therefore, defendant fails to show that the tape was "suppressed" by the government, within the meaning of *Brady v. Maryland*, 373 U.S. 86 (1963) and its progeny. *Raley v. Ylst*, 444 F.3d 1085 (9th Cir.), *amended by* 470 F.3d 792, 804 (9th Cir.2006), *cert. denied sub nom. Raley v. Ayres*, --- U.S. ----, 128 S.Ct. 59 (2007) (finding no *Brady* violation when government had failed to disclose allegedly exculpatory and mitigating evidence contained in defendant's medical records from pretrial confinement, where defendant knew he had made frequent visits to medical personnel at the jail and knew he was taking prescribed medication because "[t]hose facts were sufficient to alert defense counsel to the probability that the jail had created medical records relating to Petitioner.")

Similarly, to the extent that defendant's affidavit relating conversations he had with various counsel concerning the government's failure to disclose Chaffee and Chaffee's report raises a different claim than the Rule 16 claim defendant unsuccessfully brought in his First Rule 33 Motion, defendant fails to show such evidence was not available to prior counsel. In defendant's First Rule 33 Mot., defense counsel argued the report and the name of Chaffee himself had not been disclosed to defense counsel until the morning of Chaffee's testimony, and states that Chaffee's testimony was "a rabbit pulled out of the prosecutorial hat." Assuming the conversations between defendant and various counsel are true, evidence that the government may have failed to list Chaffee as a witness prior to trial and disclose Chaffee's report while Chaffee was on the stand is not newly discovered evidence within the meaning of Rule 33.

In his reply, defendant insists that he is not bringing at this time a claim of ineffective assistance of counsel; rather, he acknowledges that he refers to the alleged ineffectiveness of his trial counsel as a way to bring forth what defendant considers

9

1  newly discovered evidence.  Def's Second Rule 33 Mot. at 23-24.  However, the fact
2  that trial counsel allegedly failed to present such evidence, while material to whether
3  defense trial counsel was effective, does not make the evidence "newly discovered," nor
4  is it material to whether defendant is innocent or guilty of the crime charged.  *Hanoum*,
5  33 F.3d. at 1130 -1131.  Thus, because "[n]ewly discovered evidence of ineffective
6  assistance of counsel does not directly fit the requirements that the evidence be material
7  to the issues involved, and indicate that a new trial probably would produce an
8  acquittal," such claims do not fit the narrow exception envisioned by a Rule 33 motion
9  based on newly discovered evidence.  *Id.*  As the *Hanoum* court reasoned,  a remedy
10 already exists for ineffective assistance of counsel claims,  since a defendant may bring
11 such a claim in a habeas corpus petition.  *Id*. at 1131.

12      Finally, defendant argues that newly discovered evidence shows he was deprived
13 of his Sixth Amendment right to counsel because defense trial counsel "was not a
14 lawyer in this or any other state," since trial counsel was determined to be not eligible to
15 practice law by the State Bar of California during the last days of trial.  Def's Second
16 Rule 33 Mot. at 27.  As defendant correctly points out, "[a]n accused's right to be
17 represented by counsel is a fundamental component of our criminal justice system"
18 since "[l]awers in criminal cases 'are necessities, not luxuries.'" *United States. v.*
19 *Cronic*,  466 U.S. 648, 653 (1984) *citing Gideon v. Wainwright*, 372 U.S. 335, 344
20 (1963).  However, "[i]t has long been recognized that the right to counsel is the right to
21 the effective assistance of counsel." *Cronic*, 466 U.S., at 654 *citing McMann v.*
22 *Richardson*, 397 U.S. 759, 771, n.14 (1970).   Because "a lawyer suspended or disbarred
23 during trial is not *per se* ineffective, . . . to prove ineffective assistance, defendant[ ] in
24 th[is] case[ ] . . . ha[s] to identify actual errors and omissions by counsel that a
25 conscientious advocate would not have made, and show that [he] suffered prejudice
26 from those errors." *United States v. Ross*, 338 F.3d 1054, 1056 (9th Cir. 2003) *citing*
27 *United States v. Mouzin*, 785 F.2d 682 (9th Cir.1986); *United States v. Hoffman*, 733
28 F.2d 596 (9th Cir. 1984) (internal quotations omitted).

As defendant states he is not at this time bringing an ineffective assistance of counsel claim, and even if he were, such a claim would not be proper grounds for a motion for new trial based on newly discovered evidence, the court declines to examine whether or not trial counsel provided ineffective assistance to defendant, thus violating defendant's right to counsel under the Sixth Amendment.

As defendant has yet to complete his sentence, including his term of supervised release after imprisonment, the court declines to exercise its discretion to issue a satisfaction of judgment.

Accordingly,

IT IS ORDERED that defendant's Motion for New Trial, Doc. No. 1441, and defendant's Motion for Satisfaction of Judgment, Doc. No. 1443 are hereby DENIED.

Dated: November 4, 2009

*Audrey B. Collins*

Chief United States District Judge